## JOTHAM DUMPHE vs. SOLOMON HAYWARD & others.

The legal owner of certain land declared in writing, that he held the same in trust for J. H., his heirs and assigns, subject to his own lien for advances thereon, and that he was to convey and would convey the land to J. H. or his representative, upon reimbursement of his advances; J. H. having died, one of his creditors took out letters of administration on his estate, inventoried the interest of J. H. in the land in question as a part thereof, and, under a license from the probate court, sold the same for payment of the debts of J. H., and conveyed the same to the purchaser thereof; the administrator subsequently purchased the interest so sold of such purchaser, and received a conveyance thereof to himself, and then brought his bill in equity against the trustee, for a conveyance of the land, upon paying such trustee the amount of his advances thereon; on demurrer, it was held, that the plaintiff might maintain his bill, as the representative of J. H., if not in his own individual right.

THIS was a bill in equity, the object of which was to have the defendants declared trustees for the beneficial use of the plaintiff, and decreed to convey the legal estate in certain land to the plaintiff, on being paid their expenses. The defendants demurred to the bill.

The facts are fully stated in the opinion of the court.

*W. Latham*, for the defendants.

*E. Ames*, for the plaintiff.

FLETCHER, J. This is a suit in equity. The bill sets out, that John Harden was seized of certain lands; that he conveyed them by an absolute deed, but by a verbal agreement, they were held only as security for certain advances, and that the grantee held the equity of redemption in trust

for Harden ; that the lands, after various conveyances, were conveyed to Hayward, one of the defendants, to secure the sum of three hundred dollars, paid by him to his grantor, who was entitled to that sum before he was obliged to convey ; that John Harden, the original grantor, died in 1834, while the legal title was vested in Harris, the immediate grantor of Hayward, the defendant ; that the legal title and equitable interest in the lands remained in the same condition until August 25th, 1840, when Hayward, who then held the lands, made a declaration of trust in writing, and signed by him, as follows : " Whereas Azor Harris heretofore to wit on April 1836, by deed of quitclaim conveyed certain real estate called the John Harden place to me, for which I then paid, or became liable to the amount of three hundred dollars, and whereas it has been understood that I held the real estate aforesaid in trust for said John Harden, his heirs and assigns, subject to my lien upon said land for my advancement aforesaid, and was to convey my interest in the same premises to said Harden or his representative, upon reimbursement of said sum of $300 and interest.  Now I declare that I hold the premises aforesaid in trust as aforesaid, and am willing to convey the same to said Harden or his representative when I am paid the said sum of three hundred dollars and interest upon the same : " that Harden, at the time of his decease, owed a debt to the plaintiff, and other debts, and for the purpose of paying Harden's debts, the plaintiff took out administration on the 15th of February, 1841, inventoried the real estate in question, and duly represented the estate as insolvent ; that on the third Monday of January, 1842, the plaintiff was duly licensed by the probate court to sell so much of Harden's real estate as would raise the sum of three hundred and thirty-nine dollars, the amount of debts proved against Harden's estate, and expenses of administration ; that the plaintiff, by virtue of such license, duly sold Harden's interest in the lands, at public auction, on the 28th of May, 1842, to Benjamin B. Hayward, for $100, he being the highest bidder ; that, on the 22d of March, 1843, the plaintiff, as administrator, executed a

deed to Benjamin B. Hayward; that Benjamin B. Hayward became entitled to an absolute deed, upon payment of such liens as Solomon Hayward rightfully had thereon; that all the proceedings, in regard to this sale of the real estate, were according to law, and that the plaintiff had accounted for the $100, by charging himself with the same in his administration account filed in the probate court on the first of July, 1848; that on the 13th of January, 1845, the plaintiff bargained with Benjamin B. Hayward for his interest in the lands, which was duly conveyed to the plaintiff by deed recorded and referred to; that the plaintiff requested the defendant, Hayward, to convey the lands to him, that the same might be applied in payment of Harden's debts, and offered to pay him all lawful claims and liens which he had thereon; that Hayward refused to comply with this request; that, afterwards, on the 26th of March, 1841, Hayward, John C. Harden, and Ephraim Harden, conspiring to defraud the plaintiff and other creditors of John Harden, deceased, and to cause John C. to hold the lands without consideration, Hayward conveyed the lands to John C., and John C. to Ephraim, without consideration, but on secret trust for John C., who, since 1836, had been in actual occupation and improvement of the lands; that Hayward conveyed to John C. for a very small consideration compared with the value of the lands, and that all the three defendants well knew the facts alleged in the bill before Hayward conveyed to John C. Harden. The bill then charges, that John Harden, at the time of his decease, had an equitable interest in the lands, which was chargeable with the payment of his debts; and that his interest was duly sold for the payment of Harden's debts, and that Harden's equitable interest came to the plaintiff in his own individual right, by virtue of the conveyances set forth. The bill then prays, that the defendants may be adjudged trustees, and that they may be required to convey the estate to the plaintiff, upon the payment of such sum as may be found due to them or either of them.

To this bill there is a general demurrer.  Several questions

were raised upon the bill, and discussed by the counsel, the decision of which is not necessary, in the present state of the case, and for the purpose of disposing of the demurrer. Whether John Harden, at the time of his decease, had such an interest in the land, as would have been applied to the payment of his debts; or whether he, at any time after his conveyance, had, by relation back or otherwise, any available legal or equitable interest in the land; or whether the plaintiff proceeded properly in putting the land into the inventory, as belonging to the estate of Harden, and selling the same by virtue of a license from the judge of probate; or whether the plaintiff can maintain this bill in his own individual right, as the absolute owner of the estate, as a purchaser of the same of Benjamin B. Hayward; are questions which it is not necessary now to decide, and in regard to which no opinion is expressed. The court are of opinion, that by the written instrument executed by Solomon Hayward, dated August 25th, 1840, a trust is well declared or created in favor of the representative of John Harden. Who is such representative must be determined by the law as it stood at the time of the execution of this instrument. If there were no debts to be paid, then the heirs at law would be the representatives; if there were debts, for the payment of which this estate was necessary, then the administrator would be the representative. It appears by the bill, and is admitted by the demurrer, that Jotham Dumphe, the plaintiff, is legally the administrator of Harden, and that there are debts of Harden to be paid, and for the payment of which this estate is necessary. It appears, therefore, that the plaintiff is the legal representative of Harden, and as such has a right to enforce the execution of the trust set forth in the instrument executed by Solomon Hayward.

Though the plaintiff may not be entitled to the land in his individual right, as he claims to be, as a purchaser, still, it is sufficient to overrule the demurrer, that the admitted facts give the plaintiff a right to maintain the bill, as the representative of Harden, if not in his own individual right; and the

bill can be so amended, that the rights of parties in interest can be reached and secured. If the plaintiff should obtain the land only as the representative of Harden, then he will hold it in trust for those justly entitled to it, notwithstanding the sale under the license from the judge of probate, and the purchase by himself.

There are other questions, which may hereafter require consideration, but which it has not been deemed needful to notice in this decision on the demurrer.

*Demurrer overruled.*